846 F.2d 77
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alfred M. FOWLER, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3276.
 United States Court of Appeals, Federal Circuit.
 March 15, 1988.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Circuit Judge, and BALDWIN, Senior Circuit Judge.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (board), Docket No. PH07528610223, modifying Alfred M. Fowler's (petitioner) penalty for allegedly interfering with a United States Postal Service (agency) investigation, is reversed.
 
 OPINION
 
 2
 While petitioner was Postmaster EAS-22 of the Columbia, Maryland postal facility, he was charged with four infractions by the agency. Because the board dismissed three of these charges, only the charge of interference with a Postal Service Inspection investigation is reviewed here. This remaining charge centers on a telephone call made by petitioner to Mr. Miller, a postal employee at another post office facility.
 
 
 3
 The agency contends that petitioner knew the agency was investigating specific activities of Mr. Miller, called and warned him to stop these activities, and actually interfered with the investigation by doing so. The agency relies on the testimony of Mr. Miller and Agent Barlow to support its charge. Mr. Miller testified that petitioner called him and warned him that "postal inspectors are watching," but never mentioned any investigation. Agent Barlow, an external investigator, testified that an internal investigation of Mr. Miller was conducted, but could not provide any details of the investigation because he was not involved with the internal crimes unit. Despite the lack of any additional evidence, the board found petitioner had interfered in the alleged investigation and penalized petitioner by reducing his pay grade and demoting him.
 
 
 4
 This court's scope of review requires that the agency's charge be supported by substantial evidence. 5 U.S.C. Sec. 7703. According to Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938), this means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." However, the agency did not provide sufficient evidence for this court to conclude that there was an internal investigation or that petitioner interfered with this investigation.